

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00244-CR

**ANDREW JAMES EVANS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 440th District Court**
**Coryell County, Texas**
**Trial Court No. 18-24599**

## MEMORANDUM OPINION

In an open plea before the trial court, Andrew James Evans pled guilty to and was convicted of the failure to register as a sex offender with a previous conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(c) (West 2018). After a sentencing hearing, Evans was sentenced to 5 years in prison.

Evans's appellate attorney filed a motion to withdraw and an *Anders* brief in support of the motion to withdraw, asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Counsel advised Evans that counsel had filed the motion and brief pursuant to *Anders*, advised Evans of his right to review the record, and advised Evans of his right to submit a response on his own behalf. Evans did not submit a response.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the entire record, including the plea admonishments, the indictment, the assistance of counsel, the sufficiency of the evidence, and the punishment assessed. After the review, counsel concludes there is no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record, we have determined that this appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's Judgment of Conviction by Court—Waiver of

Jury Trial signed on June 25, 2018.

Should Evans wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Evans is granted, and counsel is discharged from representing Evans. Notwithstanding counsel's discharge, counsel must send Evans a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed November 21, 2018
Do not publish
[CR25]

